# EXHIBIT B

| From: | Gerald Lurie [glurie@chennelsonroberts.com] |
|---|---|
| Sent: | Tuesday, October 06, 2009 10:43 AM |
| To: | Morency, Paula J. |
| Subject: | RE: Wyndham Drake Oak Brook |
| Attachments: | File.PDF; FW: The Drake |

 

File.PDF (539 KB)   FW: The Drake

Dear Paula,

Attached is a copy of our motion to place Crestmoor in possession, together with notice of presentation. The motion and notice were served with the complaint.

I have a message in to John Rowland, who is out of town today. I'm attaching an email I received from him, which included a draft termination letter from Wyndham to the Owner. Based upon my review of the draft termination letter, I had already planned to continue the motion to early November.

>	Gerald B. Lurie
>	Chen Nelson Roberts Ltd.
>	203 North LaSalle Street
>	15th Floor
>	Chicago, Illinois 60601
>	(312) 782-4416 (tel.)
>	(312) 782-4154 (fax)
>	glurie@chennelsonroberts.com
>	www.chennelsonroberts.com

>	The information contained in this communication is confidential, is intended only for the recipient named above, and may be legally privileged.
> If the reader of this message is not the intended recipient, you are hereby notified that any distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please re-send this message to the sender and delete it from your computer system.

>	CIRCULAR 230 DISCLOSURE: To ensure compliance with recently-enacted U.S. Treasury Department Regulations, we are now required to advise you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including any attachments, is not intended or written by us to be used, and cannot be used, by anyone for the purpose of avoiding federal tax penalties that may be imposed by the federal government or for promoting, marketing or recommending to another party any tax-related matters addressed herein.

>	Thank you.

Please consider the environment before printing this email.


-----Original Message-----
From: Morency, Paula J. [mailto:pmorency@schiffhardin.com]
Sent: Tuesday, October 06, 2009 10:01 AM
To: 'glurie@chennelsonroberts.com'
Subject: Wyndham Drake Oak Brook

Dear Gerry,

1

Attached is a copy of the letter that Wyndham sent to John Rowland yesterday.  Thanks for the heads up about your motion to place Crestmoor in possession of the premises -- we did not find such a motion in the court's file, and would like to review and respond before it is heard, in view of Wyndham's rights under the non-disturbance agreement.  I understand that you already have a copy of that agreement, and will enter and continue the motion on Thursday, pending further discussions with us and with Regions.
Meanwhile, please let me know if you have any questions about Wyndham's letter, and whether we should be talking to you or John about the hotel management going forward.
Best regards -- Paula

------------------------------------------------------------------
Tax Matters:  To the extent this message or any attachment concerns tax matters, it is not intended or written to be used, and cannot be used by a taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer under law.
------------------------------------------------------------------
This message and any attachments may contain confidential information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error, please reply to the sender that you received the message in error.  Then delete it.  Thank you.
------------------------------------------------------------------

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

| | |
|---|---|
| CRESTMOOR ONE, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DRAKE OAK BROOK HOLDINGS, LLC, SIEBERT ENGINEERS, INC., TVS INTERIORS, INC., THOMPSON, VENTULETT, STAINBACK & ASSOCIATES, INC., ANCHOR MECHANICAL, INC., EXCLUSIVE CONSTRUCTION SERVICES, INC., CONTINENTAL WALL SYSTEMS GROUP, INC and UNKNOWN OWNERS, <br><br> Defendants | No. 2009 CH 004339 |

## PLAINTIFF'S MOTION FOR ORDER PLACING PLAINTIFF IN POSSESSION OF MORTGAGED PREMISES

Plaintiff Crestmoor One LLC ("Crestmoor"), by Chen Nelson Roberts Ltd, its attorneys, moves this Court pursuant to section 15-1706 of the Illinois Mortgage Foreclosure Law ("IMFL") to enter an Order placing Crestmoor in possession of the mortgaged real estate, and in support hereof, states:

1. The mortgaged real estate is nonresidential and is located at 2301 York Road, Oak Brook, Illinois 60523. The real estate is improved with a hotel known as the Wyndham Drake Oakbrook Hotel (the "Hotel"), featuring approximately one hundred and sixty guest rooms, meeting facilities, a health club, a restaurant and related facilities.

2. The Mortgagor is Defendant Drake Oakbrook Holdings, LLC ("Mortgagor"). Mortgagor is an affiliated entity of Wextrust Capital Group, LLC and Alexa Hospitality LLC. On September 11, 2008, in the lawsuit entitled *Securities and Exchange Commission v. Steven Byers*

pending in the United States District Court for the Southern District of New York as Case No. 08 Civ. 7104 (DC), a Receiver was appointed to take control of all properties within the control of the defendants, including the Hotel. On May 1, 2009, an Order was entered in the lawsuit, granting the Receiver's motion to relinquish his interest in the Hotel, and lifting the stay of the previously entered stay of foreclosure proceedings against the Hotel. A true and correct copy of this Order is appended hereto as Exhibit 1.

3. The Hotel is currently managed by Wyndham Hotel Management, Inc. (WHM"), pursuant to a Hotel Management Agreement dated January 10, 2008 between WHM and Drake Oak Brook Holdings, Inc., an affiliate of Mortgagor. Pursuant to the terms of the Hotel Management Agreement, WHM is currently collecting the revenue generated from the operation of the Hotel and applying the revenue to the expenses of the operation of the Hotel. The Hotel has been averaging approximately 30% occupancy on a daily basis, and the revenue generated by the Hotel has been insufficient to pay all of the expenses. Crestmoor's predecessor in interest has made protective advances to WHM in order to sustain the operation of the Hotel.

4. Subsection (b)(2) of section 15-1701 of the IMFL, which applies to nonresidential real estate, provides in pertinent part that, if the court is satisfied that there is a reasonable probability that the mortgagee will prevail on a final hearing of the cause, "the mortgagee shall upon request be placed in possession of the real estate," unless the mortgagor objects and shows good cause. 735 ILCS 5/15-1701(b)(2); *see Mellon Bank v. Midwest Bank & Trust Co.*, 265 Ill. App. 3d 859, 866 (1st Dist. 1993). There is a "statutory presumption in favor of plaintiff to possession of the mortgaged premises." *Travelers Ins. Co. v. LaSalle Nat'l Bank*, 200 Ill. App. 3d 139, 146 (2d Dist. 1990); *see Mellon Bank*, 265 Ill. App. 3d at 867. "[T]he presumptive right to possession during foreclosure lies with the mortgagee of nonresidential real estate. . . . [A]

nonresidential mortgagee [has] no obligation to allege misdeeds or omissions on the part of the mortgagors in order to be placed in possession. . . . [W]hether the mortgagee is 'adequately protected' is not a relevant consideration under the statute." *Travelers*, 200 Ill. App. 3d at 143-44.

5. Subsection (a) of section 15-1706 of the IMFL provides that a request that the mortgagee be placed in possession or that a receiver be appointed may be made by motion and shall be supported by affidavit or other sworn pleading. 735 ILCS 5/¶15-1706(a).

6. "To be placed in possession, the petitioner must show a reasonable likelihood of success on the merits, which ordinarily is established by showing a default." *Fed. Land Bank v. Walker*, 212 Ill. App. 3d 420, 424 (5th Dist. 1991); *accord Mellon Bank*, 265 Ill. App. 3d at 869.

7. This motion is supported by Crestmoor's verified complaint, wherein Crestmoor alleges the mortgagor's default: failure to make payments due under the note commencing in September 2008. The Mortgage provides for the placement of the Mortgagee in possession (Compl. Ex. A, 5.1(c)(iii)) §22). Crestmoor has "duly satisfied the requirements entitling it to be placed in possession of the mortgaged premises." *Travelers*, 200 Ill. App. 3d at 146.

8. WHM and Crestmoor's predecessor in interest have negotiated a termination of the Hotel Management Agreement, effective September 30, 2009. Upon the effective date of the termination of the Hotel Management Agreement, Crestmoor intends to cease the operation of the Hotel, and to secure the mortgaged real estate and the personal property situated thereon pending further developments in the foreclosure proceedings.

WHEREFORE, Crestmoor One moves for an order placing it in possession of the mortgaged real estate.

CRESTMOOR ONE, LLC

By: _____
Gerald B. Lurie
One of its attorneys

Gerald B. Lurie
Chen Nelson Roberts Ltd / 220118
203 North LaSalle Street, 15th Floor
Chicago, IL 60601-1293
(312) 782-4416

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

- against -

STEVEN BYERS, JOSEPH SHERESHEVSKY, WEXTRUST CAPITAL, LLC, WEXTRUST EQUITY PARTNERS, LLC, WEXTRUST DEVELOPMENT GROUP, LLC, WEXTRUST SECURITIES, LLC, and AXELA HOSPITALITY, LLC,

    Defendants,

- and -

ELKA SHERESHEVSKY,

    Relief Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-1-09

No. 08 Civ. 7104 (DC)

ECF Case



~~COURTESY~~

DC



## [~~PROPOSED~~] ORDER GRANTING RECEIVER'S MOTION TO RELINQUISH INTEREST IN THE WYNDHAM DRAKE PROPERTY

On the motion (the "Motion") of Timothy J. Coleman, duly appointed receiver herein (the "Receiver"), to Relinquish Interests in the Wyndham Drake and Crowne Plaza Phoenix properties, the Court has considered (1) the Court's Amended Order Appointing Temporary Receiver, dated September 11, 2008 (the "Receivership Order"), appointing the Receiver as receiver to Wextrust Capital, LLC; Wexford Equity Partners, LLC; Wexford Development Group, LLC, n/k/a Wexford Development, LLC; Wextrust Securities, LLC; and Axela Hospitality, LLC (collectively the "Wextrust Entities") and various entities owned by or under the control of the Wextrust Entities (the "Wextrust Affiliates"); (2) the Order on Consent Imposing Preliminary Injunction and Other Relief

Exhibit 1

Against Defendants and Relief Defendant entered by this Court on October 24, 2008 and

incorporating the Receivership Order by reference ("Preliminary Injunction Order"); (3)

the Memorandum of Law in Support of Receiver's Motion to Relinquish Interests in the

Wyndham Drake and Crowne Plaza Phoenix Properties ("Memorandum of Law"); (4) the

Declaration of Mitchell P. Kahn in Support of Receiver's Motion to Relinquish Interests

in the Wyndham Drake and Crowne Plaza Phoenix Properties; (5) the Declaration of

Mark S. Radke in Support of Receiver's Motion to Relinquish Interests in the Wyndham

Drake and Crowne Plaza Phoenix Properties; and (6) the Declaration of John Sordillo in

Support of Receiver's Motion to Relinquish Interests in the Wyndham Drake and Crowne

Plaza Phoenix Properties and the exhibits attached thereto. *The Court has also considered the objections to the proposed sale.*

Based on the foregoing, the Court finds that a proper showing has been made for

the relief granted herein because (a) the Wyndham Drake Hotel, as described in the

Memorandum of Law and the supporting declarations, is of no or inconsequential value

to the receivership estate; (b) the Receiver, in the exercise of his discretion and after

consultation with his advisors, has determined that no sale or other transaction can be

effected that will result in any monetary return or other benefit to outside private

placement investors in Drake Oak Brook Investors, LLC ("Drake Oak Brook Investors")

or to the receivership estate; and (c) continued ownership of the Wyndham Drake Hotel

will result in continued expenses to the receivership estate without any source of

reimbursement to the estate.

The Court has jurisdiction over the subject matter of this motion and good and

sufficient notice of this motion has been provided to all parties entitled thereto pursuant

to the Court's prior orders.

-2-

**NOW THEREFORE**

**IT IS HEREBY ORDERED** that the Receiver's motion is granted in all respects and objections, if any, are overruled to the extent that such objections have not been previously withdrawn, waived, or settled.

**IT IS FURTHER ORDERED** that, pursuant to the Receivership Order, the Receiver, acting on behalf of Drake Oak Brook Investor, LLC, has the authority to relinquish interests in the Wyndham Drake Hotel and those interests are hereby relinquished.

**IT IS FURTHER ORDERED** that, as of the date of the entry of this Order, Drake Oak Brook Investors, the Receiver and the receivership estate are relieved of any further management or funding responsibility of any kind or nature with respect to the Wyndham Drake Hotel or any related property owned by Drake Oak Brook Investors, LLC.

**IT IS FURTHER ORDERED** that, notwithstanding the foregoing, this Court shall retain exclusive jurisdiction over any claims or causes of action asserted by Regions Bank or its affiliates or nominees, or any party-in-interest against Drake Oak Brook Investors or any of the Wextrust Entities or Affiliates, or the receivership estate generally relating to the Wyndham Drake.

**IT IS FURTHER ORDERED** that the Receiver is hereby authorized, in his sole discretion, to enter into and execute any documents he may deem appropriate in relinquishing the Wyndham Drake hotel.

**IT IS FURTHER ORDERED** that the Court modifies the litigation stay set forth on page 6 of the Receivership Order and, to the extent applicable, the Court's Order

-3-

Freezing Assets dated August 11, 2008, to permit the mortgage lender Regions Bank or any secured creditor to proceed with a foreclosure action or to take such other legal action as it deems appropriate to obtain title to the Wyndham Drake Hotel; *provided, however,* nothing in the Motion or this Order shall be deemed to permit Regions Bank or any party-in-interest with rights to take legal action against any other property held or controlled by the Wextrust Entities.

**IT IS FURTHER ORDERED** that the Receiver, as an alternative to judicial foreclosure, is authorized, in his sole discretion, to enter into a deed-in-lieu of foreclosure or similar agreement with Regions Bank or any secured creditor, and enter into and execute such other agreement or documentation as may be necessary to effect the transfer of title to the Wyndham Drake.

**IT IS FURTHER ORDERED** that the terms of the Order shall be binding upon the Receiver, any and all Wextrust Entities and Affiliates, the defendants in the SEC enforcement action, any investor in Drake Oak Brook Investors, LLC, Regions Bank, any other person receiving actual notice of the motion, any other holder of a claim against or interest in the receivership estate, and any affiliates, successors, or assigns of any of the foregoing.

**IT IS FURTHER ORDERED** that, notwithstanding any motion for reconsideration or time for appeal, the terms of this Order shall be immediately enforceable.

-4-

**SO ORDERED**

Dated: ~~March~~ 5/1, 2009
New York, New York

_____
Hon. Denny Chin
United States District Judge

-5-